MARTIN *v.* HAFER.

DEEDS—CONSTRUCTION.

    A husband conveyed land to his wife by a warranty deed conditioned that, if she should abandon him, the land should revert to him, if he, his heirs or assigns, should pay the wife $250, and that, if he should die leaving her a widow, the land should belong to the wife during her life, and at her death should revert to his heirs on payment of $250 to the wife's heirs. After the husband's death, the wife quitclaimed the land to a third person. *Held,* that the wife took title in fee simple, subject to a reversion on condition subsequent, and not a conditional life estate with remainder to her heirs, and that they had no interest in the property at her death.

Case made from St. Joseph; Yaple, J. Submitted April 10, 1900. Decided May 18, 1900.

Ejectment by Charles H. Martin against Christ Hafer and others. There was a judgment for defendants, and plaintiff assigns error. Affirmed.

*Alfred Akey* and *T. C. Carpenter,* for appellant.

*Loveridge & Loveridge* and *H. P. Stewart,* for appellees.

HOOKER, J. The plaintiff appeals from a judgment in defendants' favor in an action of ejectment. The finding of facts shows that on February 3, 1866, Jacob Bear, a widower, became the owner of certain lands, subject to a mortgage for $500, held by James C. Bishop, and that he entered and resided upon them until his death, which occurred October 1, 1868. Soon after February 3, 1866, Jacob Bear married Malissa Martin, who was at that time the mother of the plaintiff, Joseph Martin, and two daughters. On March 25, 1867, Jacob Bear deeded the land to

Malissa Bear.     The conveyance was a warranty deed,
but contained the following provision:

"This conveyance is made, however, with this express
understanding, that if the said Malissa Bear abandons
and leaves the said Jacob Bear at any time before the
said Bear's death, then and in such case the above-
described premises is to revert back and become the prop-
erty of the said Jacob Bear, provided the said Jacob Bear,
his heirs or assigns, shall pay the said Malissa Bear the
sum of two hundred and fifty dollars, with interest from
this date; and it is further agreed between the parties that,
in case the said Jacob Bear shall die leaving the said
Malissa Bear a widow, then and in such case the above-
described premises shall belong to the said Malissa Bear
during her lifetime, and at her death to revert and become
the property of the heirs at law of the said Jacob Bear,
provided said heirs at law shall pay to the heirs of the
said Malissa Bear the said sum of two hundred and fifty
dollars, with interest."

Subsequently, Mr. and Mrs. Bear executed two mort-
gages upon the land to James W. Mizner, one for $80,
and one for $96.80; one being given in 1867, and the
other in 1868.     After Jacob Bear's death, Malissa con-
veyed the land to James W. Mizner by quitclaim deed
dated September 16, 1870.     At this time he was the owner
of the two mortgages given to him.     Elizabeth and Samuel
Bear, children of Jacob Bear by a former wife, conveyed
the premises by guardian to Mizner, on March 4, 1872,
and two days later Mizner and wife conveyed them to
their daughter, Julia A. Gilson, subject to the mortgages,
and on April 15, 1875, she conveyed them to John Lib-
bing, and on April 6, 1880, he conveyed them to the
defendants.     Each grantee occupied the premises from
the reception of his or her deed until they were conveyed
to another.     Malissa Bear died in October, 1896.     She
left surviving her the above-mentioned plaintiff, and
Joseph Martin, and a grandchild whose mother was a
daughter of Malissa by her former marriage.     There has
been no payment of $250 by the heirs of Jacob Bear to the
heirs of Malissa Bear.

The court found, as propositions of law applicable to the case:

1. That, as between the parties to this suit, the mortgages did not merge in the title received by Mizner, and are a valid lien upon the premises.

2. That Malissa Bear took title in fee, subject to the right of reversion, either to Jacob Bear or his heirs, upon the happening of the events mentioned in the deed.

3. That none of these events happened, and her deed to Mizner conveyed title in fee simple, subject to the mortgages upon the lands.

It is contended by the plaintiff that the deed from Jacob Bear conveyed only a conditional life estate to Malissa Bear, with remainder to her heirs, subject to a condition subsequent. Counsel for the defendants maintain that she took a title in fee simple, subject to a reversion upon condition subsequent.

The deed was a warranty deed, and in its granting clause conveyed an absolute title in fee simple to Malissa Bear. But this was subject to a limitation in the *habendum*, which is so clear and unequivocal as to leave no doubt of the intention upon the part of Jacob Bear to limit the absolute grant. See *Downing* v. *Birney*, 112 Mich. 474 (70 N. W. 1006). The *habendum* does not contain the term "remainder," but does contain the word "revert," under circumstances which imply an intent that a qualified fee should pass to Malissa Bear. Had Malissa Bear continued to live with Jacob Bear until the time of her death, leaving him surviving, the condition would have been discharged in favor of her heirs, or her assigns if she had previously conveyed her interest. It was only upon one of two conditions that the heirs of Jacob Bear could acquire this property, viz.: (1) That she abandon Jacob Bear during his life; (2) that she survive him. In either of these cases the land would or might revert to Jacob Bear or his heirs upon payment to the heirs of Malissa of $250. Upon this possibility rests the claim of the plaintiff. He argues that he is entitled to this land because the heirs of Jacob, who had some reversionary

rights under Jacob Bear's deed, have not cared to assert them by paying $250 to the heirs of Malissa. There is nothing in the deed which grants to the heirs of Malissa any title to the property except by way of inheritance from her. This she cut off by her deed.

But this title which she conveyed was subject to the right of Jacob Bear's heirs to acquire the property upon her death by paying $250, to which right the last two mortgage interests were also subject. Had the deed provided that the $250 should be paid to her heirs or assigns, there would be no difficulty. But the provision, being for payment to her heirs only, gives some plausibility to the claim that it was designed that they should have a charge upon this land. But we think the deed should not receive such a construction, and, if it were to be thus construed, it would not follow that they have title or right to possession. Had she died without conveying to Mizner, the land would have descended to her heirs, subject to the condition and the mortgages. But, as she conveyed it, there was nothing to descend, and her grantee had a perfect title, subject to the rights of Jacob Bear's heirs, which he has acquired.

There is no necessity for discussing the question of merger.

The judgment is affirmed.

The other Justices concurred.