FLYNN v. J. M. RADFORD GROCERY CO. et al. (No. 8088.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 30, 1915. Rehearing Denied · March 6, 1915.)

1. APPEAL AND ERROR ☞1001 — REVIEW — FINDINGS.

It is the rule on appeal not to set aside a jury's findings, where the testimony is reasonably sufficient to support the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. ☞1001.]

2. HOMESTEAD ☞57—BUSINESS HOMESTEAD —SUFFICIENCY OF EVIDENCE.

Evidence, in an action on notes, held sufficient to sustain a finding that property for the price of which the notes were transferred by the payee was not the payee's business homestead.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 83–85; Dec. Dig. ☞57.]

3. MORTGAGES ☞32—DEED OR "MORTGAGE."

Where the intent of parties to a transfer, purporting on its face to be a deed, was that title should pass, with the privilege of repurchase by the transferror, instead of providing a mere security for his debts, the transfer was not a "mortgage," notwithstanding the parties may also have understood that as a result the ultimate payment of the debt was to be assured.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 60–66, 84–94; Dec. Dig. ☞32.

For other definitions, see Words and Phrases, First and Second Series, Mortgage.]

4. HUSBAND AND WIFE ☞267—COMMUNITY PROPERTY—TRANSFERS BY HUSBAND.

Community property, not constituting a homestead, may be conveyed or mortgaged by the husband alone.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 896, 929–938; Dec. Dig. ☞267.]

5. APPEAL AND ERROR ☞1170—HARMLESS ERROR—FINDINGS.

Where there was evidence to support a finding that a transfer was a deed and not a mortgage, and whether it was a deed or mortgage was immaterial, in view of the transferror's right to convey or mortgage it, and where, if it was a mortgage, it did not appear that its value was in excess of the debt to be secured, error, if any, in a finding that it was a deed was not so material as to require a reversal, as rule 62a for Courts of Civil Appeals (149 S. W. x) forbids reversal for error at the trial unless such a denial of right as is reasonably calculated to cause a wrong judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. ☞1170.]

6. NEW TRIAL ☞103—NEWLY DISCOVERED EVIDENCE.

Newly discovered evidence, general in its character, and relating wholly to an immaterial issue, did not require the granting of a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 215–217; Dec. Dig. ☞103.]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by the J. M. Radford Grocery Company against the Bangs Mercantile Company, E. H. Flynn, and others. Judgment for plaintiff, and defendant Flynn appeals. Affirmed.

Scarborough & Hickman, of Abilene, and Arch .Grinnan, of Brownwood, for appellant. Kirby & Davidson, of Abilene, for appellees.

CONNER, C. J. The appellee instituted this suit against the Bangs Mercantile Company, and the members composing that firm, E. H. Flynn and A. E. Duff, and also C. W. Gill, to recover upon two promissory notes given by said Gill to said mercantile company each for the sum of $750 and each reserving a vendor's lien on the property described in the plaintiff's petition. The defense was, so far as necessary to state, that the Bangs Mercantile Company was indebted to the appellee company in the sum of about $1,500, and that to secure the same, appellant and his partner, A. E. Duff, conveyed to C. W. Gill, a collecting agent of appellee, the property described in the petition, taking therefor the said Gill's promissory notes, which were immediately assigned to appellee, and which are the notes sued on in this case. Appellant alleged that at the time of the transactions indicated the property in question constituted his business homestead, that he was the head of a family, and that his wife had not joined in said conveyance to Gill. The case was submitted to a jury upon the following special issues and one other not necessary to notice, viz.:

"First. Was the deed from the Bangs Mercantile Company to C. W. Gill intended by the parties thereto as a deed of conveyance or as a mortgage?"

To which the jury answered:

"Deed of conveyance."

"Second. Was the property the business homestead of E. H. Flynn at the time the deed to Gill was executed?"

To which the jury answered:

"Was not business homestead of E. H. Flynn."

Upon the verdict so rendered the court entered a judgment for the plaintiff in the suit in accord with the prayer of its petition, and E. H. Flynn has prosecuted this appeal.

The sufficiency of the evidence to support the verdict on the issue of homestead vel non is challenged in the first assignment of error. While the evidence is not entirely satisfactory, yet after a careful review, we feel unable to disturb the verdict. The testimony of appellant would undoubtedly have supported a verdict in his favor. He testified, in substance, that he bought the lot in the village of Bangs, upon which he erected a business house some time thereafter, in the

year 1901 or 1902; that from the time stated until the conveyance to Gill he occupied the premises as a place of business; that he is now using the storehouse as an office as city tax collector—

"we were using a part of it as a grocery store when this deed was made; there were two buildings on the lot, I was using one of the buildings at the time the deed was made. The deed was made in April, I believe, or May, and in the latter part of May we opened up a grocery store in the other building, the one that we were not occupying, so then we occupied both buildings on the lot. I never intended to abandon that in any way as a homestead. I went into the business as a member of the partnership early in the year 1910. We bought goods from Radford on credit. At the time we made this deed to Mr. Gill I was in my storehouse, the house involved in this controversy. Q. Isn't it a fact that at the time you made the deed to this piece of property Robertson and Wilson were occupying this building? A. There were two buildings, and they were occupying one, and we were occupying the other."

It is further shown without dispute that appellant was the head of a family, and that his wife did not join in the conveyance to Gill.

A. E. Duff testified that the only property the firm had at Bangs was the property conveyed, and that at the time of the conveyance it was not occupied by the Bangs Mercantile Company, but by Robertson and Wilson. "Nor was Mr. Flynn occupying it." In answer to the question of how many buildings were on the lot Mr. Duff testified:

"There was an old warehouse at the back end of it, I believe; and if it was there at that time, we were occupying it and using it in connection with our business."

That the warehouse was later torn down and built south of the other store.

"I don't remember whether that warehouse was on that property when he deeded to Mr. Gill, but if it was, we were using it. * * * At the time Flynn and I sold the building to Mr. Gill we were in the mercantile business in another house. The other house that I am speaking of was nearly south but a little west from the other house facing the street and running south in front of us. This other building faced the north."

The date of the deed to Gill was April 12, 1911, and appellee offered in evidence a letter from appellant dated 5/15/11, addressed to C. Gill, referring to the property as "your house here that Messrs. Robertson and Wilson were occupying when you bought same from us," and offering to lease the same for a term stated at $15 per month. The proposed lease was later executed by the Bangs Mercantile Company "per E. H. Flynn." On September, 30th thereafter the lease was renewed. On January 19, 1912, the Bangs Mercantile Company, per Flynn, wrote the Radford Grocery Company a letter, in which it was stated, among other things:

"If it will suit you, we would like to buy back our storehouse that we sold to Mr. Gill. We can pay no cash on it, but we will give two notes, one due in the fall of 1912 and one in 1913. This will give you the V. L. notes that you may handle to your advantage. * * *

Please let us hear from you about the purchase of the storehouse."

Appellee also offered a financial statement submitted to the appellee company by the Bangs Mercantile Company, dated December 21, 1911, in which the assets of the Bangs Mercantile Company was, among other things, stated as "E. H. Flynn, homestead; A. E. Duff, homestead; one-half interest in store building $950." Mr. Flynn testified that the homestead referred to in the statement related to his residence, and that the one-half interest in the store building mentioned related to "the building that the larger class of mercantile company was carried in that we bought from Martin."

[1] It has long been the rule on appeal not to set aside a jury's findings where the testimony is reasonably sufficient to support the verdict. Moore v. Rogers, 84 Tex. 1, 19 S. W. 283. The Supreme Court, in passing upon the question of the sufficiency of the evidence to sustain the verdict, adopts the following rule:

"We must reject all evidence favorable to the plaintiffs in error and consider only the facts and circumstances which tend to sustain the verdict, and if the jury, in an honest and impartial effort to arrive at the truth, might have reached the conclusion embodied in this verdict, this court cannot set it aside." Cartwright v. Canode, 171 S. W. 696.

[2] In the light of this rule, it cannot, we think, be said, as asserted in the assignment under consideration, that the verdict on the homestead issue is contrary to the uncontradicted evidence. The evidence as a whole is susceptible of the construction that at the time of the conveyance of the property in controversy to Gill, Flynn and the Bangs Mercantile Company were occupying and doing business in an altogether different building. It is true that it also tends to show that at the time of said conveyance there was a building on the back end of the lot in controversy, which doubtless was the second building Mr. Flynn testifies was on the lot, and that this warehouse was used in connection with the mercantile business conducted by the Bangs Mercantile Company in the business house purchased from Martin, but the size of the warehouse, its adaptability to the uses made of it by the Bangs Mercantile Company, or the extent of such use, is not shown. It cannot be said that a slight and wholly indefinite use, if any, of this old warehouse on the back end of the lot conveyed to Gill establishes without dispute the homestead character of the entire lot. No reservation of the warehouse was made in the deed to Gill, nor was any claim then made, nor until long after of its homestead character. On the contrary, appellant a number of times thereafter referred to the property in controversy in terms indicating, not only an absolute conveyance, but absolute ownership, of the entire property. The trial judge had the opportunity to observe the manner of the

witnesses in giving their testimony, and having, upon a consideration of the whole case, overruled appellant's motion for rehearing, we think, as before indicated, that the assignment under consideration should be overruled.

Appellant's second assignment of error is to the effect that "the undisputed evidence" shows that the conveyance to Gill constituted a lien or mortgage. Mr. Duff testified that:

"When we sold that property the way I understood it we were selling that whole property where the store building was as far back as it came. * * * We deeded that to Mr. Gill is the way I understood it and that was my intention when I signed that deed. * * * I know that I signed, and I understood that it was sold, and we got credit for it. * * * He [Mr. Flynn] explained it to me that we were selling Mr. Gill the property and getting credit for it."

C. W. Gill testified, in substance, that he bought the property, took the deeds, and gave his notes, and that the notes were assigned to the Radford Grocery Company in payment and settlement of the like amount of the indebtedness of the Bangs Mercantile Company to Radford. He denied ever saying to Flynn that the deed and notes in controversy was a mortgage. Among other things, Mr. Flynn testified that:

"I told Gill that it was our homestead, the only business homestead I had, and it was not for sale, and he said it would suit him better to take a straight transfer to the property; that he could handle it better that way. I told him that would be all right, with the understanding that he would give me a written agreement that he would transfer the property back to us when we repaid the $1,500 we were owing Radford Grocery Company; that he agreed to do."

Mr. Flynn also testified to other circumstances tending to show that the real transaction was for the purpose of securing the indebtedness due to the Radford Grocery Company.

[3] But if the method adopted in fact amounted to a conveyance, as the deed on its face purports to be, and as Mr. Duff's testimony indicates, the agreement of Gill to reconvey upon the condition that the Radford debt was paid would not necessarily create a mortgage, notwithstanding the ultimate effect of the transaction might have been the satisfaction of the debt. In other words, if the real intent and purpose of the parties to the transaction was that title should pass with the privilege of repurchase on Flynn's part, instead of thereby providing a mere security for the Radford debt, the deed was not a mortgage, notwithstanding the parties may also, in a general way, have understood that as a result the ultimate payment of a debt was to be assured. Martin v. Hafer, 124 Mich. 226, 82 N. W. 1053; 13 Cyc. 645, par. B.

[4, 5] It seems to us that the evidence is susceptible of such a construction, but if not, we cannot think the issue of such materiality as, under the operation of rule 62a (149

S. W. x), makes it our duty to reverse the judgment. If the property conveyed to Gill was community real estate of Flynn and wife, as is asserted in appellee's brief and not denied, and if it did not constitute appellant's homestead, as established by the verdict, then it could be conveyed or mortgaged by the husband alone, and whether the deed to Gill was either the one or the other would seem to be immaterial, in the absence of any proof, and none was offered, nor does the evidence so suggest, that the property is of a value in excess of the debt for which appellant is undoubtedly liable, even according to his own theory of the case; for, if a mortgage, foreclosure proceedings would, under the circumstances, doubtless result in appellant's loss of the property. Kynard & Boyd v. Tucker, No. 8042, 171 S. W. 1086, and Braun v. Hickman, No. 8055, 176 S. W. ——, by this court not yet officially published.

[6] The only remaining assignment complains of the action of the court in overruling the motion for a new trial on the ground of newly discovered evidence, but this evidence relates wholly to the issue of whether or not the conveyance to Gill was intended as security for the Radford debt. The newly discovered evidence is only general in its character, and relating, as it does, wholly to an issue that we deem to be immaterial, we do not feel disposed to disturb the trial court's action on that subject.

All assignments are accordingly overruled, and the judgment affirmed.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
† Writ of error pending in Supreme Court.