THOMPSON v. PENNINGTON. (No. 7281.)

(Court of Civil Appeals of Texas. Dallas. March 6, 1915.)

1. APPEAL AND ERROR ☞1002 — REVIEW — VERDICT.

A verdict based on conflicting evidence cannot be reviewed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. ☞1002.]

2. MARSHALING ASSETS AND SECURITIES ☞9 —NOTES SECURED BY MORTGAGE—RIGHTS OF INDORSER.

In a suit by payee of a note against its indorser, where such note had been secured by mortgage of the maker's crop, subject to the lien of the maker's landlord, if the indorser desired a foreclosure of the mortgage, he should pay the note, thus subrogating himself to the payee's rights, taking a chance, on bringing suit to foreclose, on the point of whether there would be any surplus after the landlord's lien was satisfied.

[Ed. Note.—For other cases, see Marshaling Assets and Securities, Cent. Dig. § 6; Dec. Dig. ☞9.]

Appeal from Rockwall County Court; J. W. Reese, Judge.

Action by W. C. Pennington against C. A. Thompson. Judgment for plaintiff, and defendant appeals. Affirmed.

T. B. Ridgell, of Rockwall, for appellant. A. H. Mount, of Royse City, for appellee.

RAINEY, C. J. This suit was instituted in the justice court and judgment rendered for appellant. On appeal to the county court judgment was then rendered for appellee for $145.75, from which judgment Thompson appealed to this court. Thompson was indorser of the note sued on, and his defense was that the suit was not brought within the time prescribed by the statute for fixing the liability of an indorser in such cases. Plaintiff replied that during the time elapsing the makers of the note were insolvent.

[1] The evidence was conflicting on the issue of insolvency of the makers of the note during the period stated, and, the jury having found against Thompson, the verdict will not be disturbed. Rev. St. art. 580; Burrow v. Zapp, 69 Tex. 479, 6 S. W. 783.

[2] The evidence further shows that a mortgage was taken on a crop to secure the payment of said note, subject to the landlord's lien and all of said crop was necessary to pay said landlord's lien. If Thompson desired the mortgage foreclosed, he should have paid the note and taken chances on bringing suit to foreclose.

Appellee was not negligent in trying to collect.

The judgment is affirmed.