HUDGINS v. HAMMERS et al.  (No. 5501.)

(Court of Civil Appeals of Texas. Austin. May 5, 1915.)

1. APPEAL AND ERROR ⚖️877—PARTY ENTITLED TO ALLEGE ERROR.

Where plaintiff was found not to be a creditor of defendant when he levied on mules claimed to be covered by his mortgage from defendant, he could not complain that the undisputed evidence showed that the mules, claimed by another, had been left by him in the possession of defendant for more than two years prior to the execution of the mortgage so as to be liable under Vernon's Sayles' Ann. Civ. St. 1914, art. 3969, to the payment of defendant's debts and subject to his mortgage to secure his debts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3560–3572; Dec. Dig. ⚖️877.]

2. APPEAL AND ERROR ⚖️1002—QUESTIONS OF FACT—CONFLICTING EVIDENCE.

Where testimony is in conflict, but there is evidence sufficient to support the verdict, it will not be set aside, although the appellate court might not have taken the jury's view of it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. ⚖️1002.]

3. APPEAL AND ERROR ⚖️948 — DISCRETION OF TRIAL COURT—NEW TRIAL.

Where it was not shown on appeal that newly discovered evidence came within the rules authorizing the court to grant a new trial on account thereof, it cannot be held that its refusal to grant a new trial was an abuse of its discretion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3814; Dec. Dig. ⚖️948.]

4. APPEAL AND ERROR ⚖️1073—HARMLESS ERROR—FORM OF JUDGMENT.

Plaintiff in an action to recover on a note and to foreclose a mortgage on mules, who sued out a writ of sequestration against them, and, when defendant failed to replevin, himself took possession, as authorized by Vernon's Sayles' Ann. Civ. St. 1914, art. 7110, could not complain that the court failed to render judgment in favor of defendant against him and his sureties on the sequestration bond, as authorized by article 7111, since the bond inured to the benefit of defendant, and a failure to render judgment thereon was a matter of which he alone could complain, and since it did not prejudice plaintiff's right to return the mules and bar any suit therefor by defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4240–4247; Dec. Dig. ⚖️1073.]

Appeal from Hill County Court; J. D. Stephenson, Judge.

Suit by A. H. Hudgins against John Hammers with a plea in reconvention, consolidated with a suit against Hudgins by Denman Hammers. Judgment for defendant John Hammers and Denman Hammers, and plaintiff Hudgins appeals. Affirmed.

Morrow & Morrow, of Hillsboro, for appellant. R. M. Vaughan, of Hillsboro, for appellees.

RICE, J. On November 6, 1913, appellant Hudgins brought this suit against John Hammers to enforce the collection of a note for $320, of date March 12, 1912, due October 1, 1912, payable to his order, bearing interest at 10 per cent. from date, and providing for 10 per cent. attorney's fees, if placed in the hands of an attorney for collection; alleging that on the same date the said Hammers, in order to secure the payment of said note, executed a mortgage on four head of mules, named respectively George, Kate, Mat, and Rhoda, one cow and calf, and his interest in a certain crop to be grown on his (appellant's) place in Tarrant county during said year, and prayed for judgment for said debt and foreclosure of said mortgage lien, and sued out a writ of sequestration against said property, which was levied by Freeland, sheriff of said county, upon said mules, and defendant Hammers failing to replevin same, appellant thereafter replevined them and took possession thereof.

John Hammers defended on the ground that during the year 1912 he was a tenant of appellant, who had agreed to furnish him $150 worth of supplies for said year, for which he had agreed to give a note and mortgage upon two head of mules, together with his interest in the crop to be raised on said place for that year. He denied the execution of the note and mortgage sued upon, alleging that he was illiterate, and that at the time he signed the note and mortgage he believed he was signing a note for $150 and a mortgage on the two first-named mules and his interest in said crop; that appellant represented to him that the note was only for $150, and that the mortgage only covered his interest in said crop and said two mules, and, being unable to read and write, and relying upon the representations of appellant, he signed said note and mortgage, believing that they were as represented; that he only received $150 worth of supplies during said year, for which he had paid appellant, hence did not owe him anything; but, on the contrary, he set up by plea in reconvention that appellant was indebted to him in the sum of $494.20 for labor performed and for cotton and hay belonging to him which appellant had converted, and prayed judgment therefor. He further alleged that the two last-named mules, levied upon under said writ of sequestration, were the property of his son Denman Hammers. Thereafter Denman Hammers brought suit in said court against appellant and Freeland, the sheriff of Hill county, for the title and possession of said two last-named mules, claiming that they belonged to him.

Appellant in a supplemental petition denied that the mortgage was intended to embrace

only two mules, but that its purpose was to cover the four mules described therein. He further denied that either of said mules belonged to Denman Hammers, but alleged that John Hammers was in possession of said last two described mules for more than two years prior to the execution of said mortgage, that he claimed ownership thereof, and that Denman Hammers acquiesced in said claim. He further alleged that the claim set up to same by Denman Hammers was fraudulent. He also denied owing John Hammers anything for work, hay, or cotton, as claimed by him.

Denman Hammers, by supplemental petition, denied that said mules claimed by him belonged to his father, John Hammers, or that his father had had possession thereof for more than two years before the execution of said mortgage. He likewise denied that his claim was fraudulent.

These suits were consolidated and tried together before a jury, who, in response to special issues, found in effect: First, that the note and mortgage was intended for only $150; second, that Hudgins inserted in said mortgage a description of two mules and two cows and calves that John Hammers did not agree should be included therein; third, that John Hammers had paid the note sued on and was entitled to a credit thereon of $321, and $17.40 interest, of date October 1, 1912; fourth, that appellant was indebted to John Hammers a balance on account of $70.63; fifth, that Denman Hammers was the owner of the two mules claimed by him, and that John Hammers had only been in possession thereof for 11 months· at the time of the execution of said mortgage. Whereupon the court rendered judgment that appellant take nothing as against John Hammers, but that said Hammers recover of and from appellant the sum of $70.63, declaring that no mortgage lien existed on said mules, and awarding judgment in behalf of Denman Hammers for the two mules last named, together with writ of possession therefor, from which judgment appellant has prosecuted this appeal.

[1] It is contended by appellant in his second assignment that the undisputed testimony shows that the mules claimed by Denman Hammers had been left by him in the possession of his father John for more than two years prior to the execution of the mortgage; hence, were liable to the payment of John's debts, and therefore he had the right to mortgage same to secure his debts, citing art. 3969, Vernon's Sayles' Civ. Stat. 1914; Hunstock v. Roberts, 65 S. W. 675; Eason v. Garrison et al., 36 Tex. Civ. App. 574, 82 S. W. 801. In answer to this, it is sufficient to say, first, that, even if the facts were as asserted, appellant has no cause of complaint, for the reason that he was not a creditor of John Hammers at the time of the levy; the jury having found that the note sued upon had been paid by the latter. But we do not think the answer of the jury on this issue is unsupported by the evidence, as contended by appellant, in that the evidence failed to show that the mules had been left for two years or more continuously in the possession of John Hammers prior to the execution of said mortgage. We therefore overrule said assignment.

[2] We overrule the first and third assignments assailing the verdict of the jury as being unsupported by the evidence. Where the testimony is in conflict, but there is evidence sufficient to support the verdict, the same will not be set aside on account of such conflict. See Flynn v. Radford Grocery Co., 174 S. W. 902; Hovey v. Sanders, 174 S. W. 1025; Thompson v. Pennington, 174 S. W. 944. The weight of conflicting testimony is for the jury, and it is immaterial whether the appellate court would have taken their view of it as an original proposition or not. See Just v. Herry, 174 S. W. 1012.

[3] It is not shown that the newly discovered evidence would come within the rules authorizing the court to grant a new trial on account thereof, for which reason we hold the court did not abuse its discretion in refusing to do so. · See Mitchell v. Bass, 26 Tex. 377. We therefore overrule the fourth assignment of error, complaining of the action of the court in this respect.

[4] The property having been sequestered by plaintiff, and defendant failing to give a sequestration bond, plaintiff replevined the same, as authorized to do under article 7110, Vernon's Sayles' Civ. Stats. Appellant failed to recover any judgment as against appellee John Hammers; but, on the contrary, the latter recovered judgment against him on his cross-action. The court, however, failed to render judgment in favor of said appellee against appellant and the sureties on his sequestration bond, as authorized by article 7111 of Vernon's Sayles' Civ. Stats., of which fact appellant complains and assigns error, contending that he had a right to tender the mules and obtain credit on this judgment against himself. The bond inured to the benefit of appellee, and a failure to render judgment thereon is a matter of which he alone could complain. See Cole v. Crawford, 69 Tex. 124, 5 S. W. 646. The mules did not belong to the appellant, and he failed to establish his asserted lien thereon; certainly, he could not tender the property of the appellee in payment of a debt due the latter by himself, as asserted by him, but would have the right, in the event such judgment had been rendered against him and his sureties, to return the property in satisfaction thereof; and a failure to render such judgment could not prejudice his right to return the property to the defendant, which if done would be a bar to any suit that defendant might bring against him therefor. We therefore overrule the fifth assignment, complaining of this matter.

Finding no error in the proceedings of the trial court, its judgment is in all things affirmed.

Affirmed.