E. FRANKS v. C. T. WILLIAMS.

1. An affidavit for a continuance for want of testimony is insufficient if it fails to allege that the party expects to obtain the testimony at a future term of the court.

2 W. purchased land from F. for twelve hundred dollars, paying the greater part in cash, and taking F.'s bond for title when payment

of the balance should be made. W. died, leaving the balance unpaid, and his widow surrendered the title bond to F., with the understanding that he should take possession of the land, sell it, and with the proceeds pay himself his dues, and give to her the surplus. F. took possession of the land, and retained it. *Held*, that the relation between the parties is that of trustee and *cestui que trust;* F. is chargeable for the use of the property, and entitled to the value of necessary improvements put on it by him.

APPEAL from Caldwell. Tried below before the Hon. Henry Maney.

The opinion states the case.

*Moore & Shelley*, and *Cowan & Stringfellow*, for the appellant.

*T. M. Harwood*, and *L. J. Storey*, for the appellee.

WALKER, J. It is insisted that the judgment in this case should be reversed for error in the court in overruling the application for a continuance, and in the judgment on the demurrer and special exceptions.

We are of the opinion that the affidavit for a continuance was insufficient in law. There was no allegation that the party expected to be able to obtain the testimony of the witness at any future term of the court. (See Hunter *v.* Watts, 11 Texas Rep., 86; Stachley *v.* Peirce, 28 Texas Rep., 334.) The second application for a continuance was based upon new matter alleged in an amended petition, and was simply an amended application, alleging surprise.

However true it may have been that the party was surprised by the new claim for timber and lumber, it is equally true that that claim has not been urged against him to his injury, as no evidence was offered on the trial to support it, and there is nothing in the charge of the court calling the attention of the jury to it, nor does it appear to have entered into the verdict.

The law of this case is plain.

Joshua Williams in his lifetime purchased the land in controversy from the appellant, for which he was to pay twelve hundred dollars, and did pay eight hundred dollars in land and other property at the time of the purchase, giving his two promissory notes in the sum of two hundred dollars each, for deferred payments.

Williams afterwards went into the Confederate army and died. The deferred payments fell due, and only about twenty-five dollars of the amount seems to have been paid, when Franks, the appellant, called upon the appellee, who is the widow of Joshua Williams, and after some conversation on the subject of payment, in which, from the evidence, it seems to have been his prime object to get possession of the title bond which he had given to Joshua Williams, Mrs. Williams appears to have given up the title bond, with the understanding that Franks was to take possession of the property, and sell it to pay himself the balance of the purchase-money, and give the surplus to her.

If these are the facts in the case, as the jury appears to have found, the legal status of the parties on the surrender of the title bond, and possession of the land to Franks, became that of trustee and *cestui que trust*. Franks, as trustee, is chargeable with the use of the property, to the extent of the interest which the appellee had in it; but he is at the same time entitled to the value of necessary improvements.

The case of Nicholson *v.* Pim, 5 Ohio State, 25, was a case similar on the facts to the one at bar, in many respects. A part of the purchase-money had been paid, and upon a rescission of the contract it was left to the honor of the vendor to return so much of the purchase-money which had been paid him, as justice and equity demanded.

He afterwards refused to repay any part of the money; but the Supreme Court held him bound upon his promise to repay the amount which justice and equity did require, being the entire amount received, subject to such damage or loss as had resulted to him from the rescission of the contract.

The case at bar does not come precisely under this rule, for the reason that the facts are different; but the same principle of equity which gives to every man his rights may be invoked to sustain the verdict of the jury and the judgment of the District Court.

We believe that substantial justice has been done, and therefore affirm the judgment. But this affirmance is of the judgment first rendered. The jury found the value of the improvements and the rents and profits of the land to equal each other, leaving due for the appellant the sum of seven hundred and sixty-four dollars, principal and interest of the unpaid purchase-money. The appellant should therefore have judgment for this amount, with a decree for the sale of the land in controversy; and whatever surplus the land may bring after paying what is due to the appellant, and the costs of suit, will belong to the appellee. This being the judgment which should have been rendered in the District Court, is now the judgment of this court.

Ordered accordingly.