## W. G. Howell et ux. v. McMurry Lumber Company.

Decided November 5, 1910.

#### 1.—Mechanic's Lien—Contract—Misdescription—Correction—Practice.

Where, in a written contract to furnish material and labor for the erection of a homestead, the contractor is erroneously described as a corporation instead of a partnership, and the location of the lots on which the improvements were to be made as being in H. County instead of D. County, and where the mistakes were evidently those of the scrivener who reduced the contract to writing, and where all the parties acted on the contract, under proper pleading the mistakes will be corrected, and this may be done in the same suit in which the contractor sues upon the contract and seeks a foreclosure of his materialman's lien.

#### 2.—Same—Constitutional Right.

Section 37 of article XVI of the Constitution, giving to mechanics and materialmen a lien on improvements made by them, is self-executing and in nowise dependent upon statute, nor is it subject to conditions not imposed by the Constitution itself. Hence, in a contract for the erection of a homestead it is immaterial that the contract does not expressly give or declare a lien in favor of the contractor.

**3.—Same—Acquisition of Homestead—Personal Liability of Wife.**

Under the laws of this State, the wife can not ordinarily contract debts of any character save for necessaries furnished herself or children, or for expenses incurred for the benefit of her separate property. Hence, in the absence of conditions which show that the acquisition of a certain homestead was necessary for herself and children, the wife would not be personally bound on a contract executed by herself and her husband for the building of a house intended for a homestead; and in a suit upon such contract the rendition of a personal judgment against her for the contract price of the material and labor would be error.

Error from the District Court of Dallam County. Tried below before Hon. D. B. Hill.

*Tatum & Tatum* and *J. S. Bailey,* for plaintiffs in error.

*R. E. Stalcup,* for defendants in error.

CONNER, CHIEF JUSTICE.—This suit was instituted on the 12th day of September, 1908, by John McMurry, J. A. McFarland and T. C. Spencer, composing the firm of the McMurry Lumber Company, seeking to recover an unpaid balance of $815 with interest thereon, which plaintiffs in error had promised to pay for material for the erection of a house upon lot 10 in block 18 in Dalhart, Dallam County, and foreclose the material man's lien upon said lot. The lot designated, at all times herein stated, constituted the homestead of plaintiffs in error, but they suffered an adverse judgment from which they have appealed.

It is undisputed that on the 6th day of April, 1908, plaintiffs in error, W. G. Howell, joined by his wife, Armida Howell, and the McMurry Lumber Company entered into a written contract in which it was agreed that the lumber company would, at the prices therein stated, furnish lumber and building materials necessary to erect a five-room dwelling house upon said lot 10, in block 18. This contract was signed by all parties, and duly acknowledged by W. G. Howell and by Armida Howell in the form required by the statute for conveying the wife's separate property, and duly recorded the day following its execution. The contract, however, described the lumber company as a "corporation," instead of a co-partnership, as plaintiff in error alleged, and the lot as "situated in the city of Dalhart, Hartley County, Texas, instead of in Dallam County, as the plaintiff alleged, and it is first insisted that defendants in error could not in this suit, as they sought to do in their petition, correct the contract so as to conform to the truth.

There can be no reasonable controversy as to the fact that the misdescriptions noted in the contract were the acts of the scrivener who reduced it to writing, and that all parties proceeded under the mistakes. The contract was with the McMurry Lumber Company, and the added terms, "a corporation," were mere descriptive surplusage in the light of the undisputed facts. So, too, it is undisputed that the lot in question is situated in Dallam County, though quite close to the Hartley County line, and the evidence leaves no doubt but that the material furnished

was used in the erection of the dwelling specified in the contract on that particular lot, and that plaintiffs in error have continuously resided therein since. In such cases authorities might be multiplied for the practice of correcting and enforcing the contract in accordance with the intentions of the parties, in the same suit. Harrell v. DeNormandie, 26 Texas, 121; Home Insurance Co. v. Lewis, 48 Texas, 622; Nutall v. Nutall, 82 S. W., 377; 34 Cyc., page 910.

The contract itself neither gave nor declared the lien sought to be enforced, and plaintiffs' further contention is that in the absence of such declaration no lien arises, but we do not concur in this view of the law. Section 37, article XVI, of the State Constitution, reads: "Mechanics, artisans and material men of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of the repair done thereon or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens." In construing this article of the Constitution and a contract for labor and materials which made no reference to a lien, our Supreme Court in the case of Strang v. Pray, 89 Texas, 525, held in effect not only that section 37, of article XVI, of the Constitution gave to one furnishing materials for the erection of a house a lien upon the house and the land upon which it was situated, but also that it was self-executing and in no wise dependent upon statute, nor subject to conditions not imposed by the Constitution itself. See, also, Farmer's & M. Natl. Bank v. Taylor, 91 Texas, 78.

Other than as above noted, no question is made as to the form or sufficiency of the contract or of the proceedings thereunder, and the consent of the wife having been given in the manner required by section 50, article XVI, of the Constitution authorizing the forced sale of the homestead, we think the court below properly adjudged the lien as prayed for.

The court below gave personal judgment against the wife, Armida Howell, and of this, complaint is made that we think well founded. Under the laws of this State, the wife, generally speaking, can not contract debts of any character save for necessaries furnished herself or children, or for expenses incurred for the benefit of her separate property. See Revised Statutes, article 2970; Speer's Law of Married Women, section 46; Noel v. Clark, 25 Texas Civ. App., 136 (60 S. W., 356); Lynch v. Elkes, 21 Texas, 229. We agree with the Court of Civil Appeals for the Fourth District, in Bexar Bldg. & Loan Assn. v. Heady, 21 Texas Civ. App., 154 (50 S. W., 1079), that conditions might exist which would require a court to hold the acquisition of a dwelling to have been necessary for the wife and children, but here, as there, the facts do not present such a case. Nothing here appears beyond the mere fact that the husband, with the wife's consent given in manner prescribed by the Constitution, contracted for the erection of a building upon their homestead; but whether without this the wife would have been without sheltering roof, the record does not disclose. The selection

of the homestead ordinarily devolves upon the husband, and the record here presents no reason for a holding that the particular place upon which defendants in error were adjudged a lien was necessary as a home for the wife.

We, therefore, conclude that the court erred in rendering personal judgment against the wife, and in this respect the judgment below will be reformed, but in all other respects it is affirmed.

*Reformed and affirmed.*

Writ of error refused.