DARDEN et al. v. VANLANDINGHAM et al.*
(No. 1596.)

(Court of Civil Appeals of Texas. Texarkana. June 24, 1916. Rehearing Denied Oct. 5, 1916.)

1. TRESPASS TO TRY TITLE ⬯41(1) — PRIMA FACIE CASE.

In a suit by heirs to recover land of their ancestor, partitioned on his death from a party who through successive conveyances took title from the purchaser at partition sale, the partition proceedings having included only part of the ancestor's lands, by proof of heirship from the ancestor, the admitted common source of title, plaintiffs established a prima facie right of recovery to the extent of the land not involved in the original pleadings of the partition suit.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 62; Dec. Dig. ⬯41(1).]

2. REFORMATION OF INSTRUMENTS ⬯13(3)— CORRECTION OF DEED—ALTERNATIVE RELIEF.

If all heirs inheriting land are free from legal disability and join in a conveyance, proof that a single tract, for which they receive pay, and intend to convey, is by mistake omitted from their deed, authorizes a court of equity to reform the instrument, or to grant such relief to the purchaser as correction would confer.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 43–60; Dec. Dig. ⬯13(3).]

3. REFORMATION OF INSTRUMENTS ⬯19(1)— MUTUAL MISTAKE.

A mistake, to justify the reformation of an instrument or deed, must have been participated in by all the parties in interest.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 74, 76–78; Dec. Dig. ⬯19(1).]

---

**4. PARTITION ⚖➾109(4) — RELIEF AGAINST MISTAKE IN PARTITION SUIT.**

Where heirs joined in a suit to partition their ancestor's land, a part being omitted from the original pleadings, to establish a mutual mistake of all the parties in interest sufficient to authorize relief to the successor in title of the purchaser on partition sale, it was necessary to prove that such original purchaser was a party to the mistake whereby part of the land was omitted from the pleadings.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 380–386, 388–390; Dec. Dig. ⚖➾ 109(4).]

**5. TRESPASS TO TRY TITLE ⚖➾38(1)—DEFENSE —BURDEN OF PROOF.**

In suit by heirs to recover part of their ancestor's land, against a party claiming through successive conveyances from the purchaser at a sale on partition, the burden of proof to show that the purchaser on partition sale was a party to the mistake whereby part of the land of the heirs' ancestor was omitted from the pleadings in the partition suit was on defendant, who relied upon the defense of mutual mistake.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 53; Dec. Dig. ⚖➾ 38(1).]

**6. PARTITION ⚖➾109(1)—REMEDIES OF SUCCESSOR OF PURCHASER—URGING MISTAKE.**

Where a purchaser of land on partition sale could not have urged, as ground for a claim of title to land omitted from the original pleadings in the partition suit, that the omission was by mistake, no subsequent purchaser claiming under him can do so.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 375, 376, 387; Dec. Dig. ⚖➾ 109(1).]

**7. PARTITION ⚖➾109(1) — REMEDY OF PURCHASER—DEFICIENCY IN AMOUNT OF LAND.**

Where a purchaser of land at partition sale at a stated price per acre paid for more land than he got, the partitioning heirs receiving more money than they were entitled to, any remedy against the heirs is confined to the purchaser, the party with whom they dealt, and is based on the right of reimbursement for the excess paid.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 375, 376, 387; Dec. Dig. ⚖➾ 109(1).]

**8. PARTITION ⚖➾109(4) — OMITTED LAND — REMEDY OF PURCHASER.**

Where the joint owners of land failed to include all the land in their petition for partition, the purchaser on partition sale could not claim title to land consequently omitted from the commissioner's deed to him on the ground that the tract was omitted from the original pleadings by mistake, since the equitable doctrine of relieving against the consequences of a mistake by correcting a written instrument, or by treating that as done which the parties intended to do in making their contract, has no application to the case, involving the judgment of a court; the purchaser's remedy, if any, being a demand for reimbursement.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 380–386, 388–390; Dec. Dig. ⚖➾ 109(4).]

**9. PARTITION ⚖➾109(1)—EQUITIES OF PURCHASER—PERSONAL CHARACTER.**

Whatever equities the purchaser of land on partition sale might have asserted against the plaintiffs by reason of mistake in failing to include a tract of land in the suit was personal to him, and, in the absence of conveyance by him, could not be asserted by any subsequent purchaser under a conveyance which did not purport to convey the omitted tract.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 375, 376, 387; Dec. Dig. ⚖➾ 109(1).]

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

Suit by Earnest Darden and others against M. L. Vanlandingham and others. From a judgment for defendants, plaintiffs appeal. Judgment reversed, and judgment rendered for plaintiffs, the case being remanded to be disposed of in accordance with the prayer for a partition.

W. H. Fears, of Waxahachie, for appellants. J. T. Spencer and G. C. Groce, both of Waxahachie, for appellees.

HODGES, J. In February, 1915, the appellants filed this suit against appellee, seeking to recover an undivided nine-tenths interest in ten acres of land described as a part of the Z. Wilson survey, situated in Ellis county. They also sought to have the land sold and the proceeds partitioned among the several claimants. The appellee presented defenses claiming the exclusive title to the entire tract. The material issues of fact are practically undisputed.

It was shown upon the trial that the land was formerly owned by J. R. Darden and wife, both of whom are dead; that Darden and wife had ten children, and the appellees represent all of their heirs except one, H. C. Darden. J. R. Darden left two tracts of land. One of them is described as containing 165 acres, less 32 acres which had been sold. This tract was purchased by Darden in 1880, and the deed duly placed on record. The other tract, the one involved in this litigation, was purchased by him in 1892, but the deed was not recorded until a short time before the institution of this suit. This latter tract adjoins the other on the north. In 1906 the Darden heirs instituted a suit in the district court of Ellis county for the purpose of partitioning the lands left them by their parents. It seems that all then agreed that H. C. Darden, who was the oldest child, and the one most familiar with the property to be divided, should be given the power to arrange with an attorney for instituting the suit and to control the conduct and the proceedings to follow. The heirs intended to include in that suit all of the real estate left them by their deceased parents, but for some reason only the larger tract was described in the original pleadings; no mention being made of the other. Judgment was rendered in due course of time, directing the land to be sold at private sale for cash by a special commissioner appointed for that purpose. At the sale which followed the land was purchased by W. R. McDaniel at $35 per acre, and the price paid was based upon an estimate of 132 acres. The evidence

shows that McDaniel purchased at the instance of and for H. C. Darden, to whom he immediately executed a conveyance. In 1907 H. C. Darden and wife conveyed to J. H. Goodloe. In December, 1911, Goodloe and wife conveyed to the appellee. The deed from McDaniel to Darden, and that from Darden to Goodloe, contained a description only of the larger tract of land; but the deed from Goodloe to the appellee included in its description the land involved in this suit. The evidence also shows that the judgment of the court, the various orders made, and the report of the commissioner followed the description in the original petition of the plaintiffs, and did not include the land in controversy.

At the conclusion of the evidence the appellants requested a peremptory instruction in their favor. This was refused, and the court propounded interrogatories to the jury, in response to which the following findings of fact were made: (1) That J. R. Darden owned 133 acres of land; (2) that the heirs intended to include all the land he owned at his death in the partition suit; (3) that they believed that the sale made in those proceedings disposed of it all; (4) that the purchaser under the partition sale believed he was getting all of the lands belonging to the estate of J. R. Darden; (5) that the Darden heirs through that partition proceeding received pay for 133 acres of land. Upon these findings the court entered a judgment in favor of the appellee, and denied any recovery to the appellants. This judgment is attacked upon the ground that it is unsupported by the evidence.

[1-7] It may be conceded that all of the facts found above are true; yet it does not follow that the relief granted in the court below should have been given. By proof of heirship from J. R. Darden, an admitted common source, the appellants established a prima facie right of recovery to the extent prayed for. To defeat that prima facie right the appellee relied solely upon the grounds that the appellants have received pay for all the land they inherited from their ancestors, and that the failure to include in the partition suit the tract in controversy was the result of a mistake on the part of all those interested. If all the heirs had been free from any legal disability and had joined in a conveyance to McDaniel, proof that one tract of the land for which they received pay, and had intended to convey, had been by mistake omitted from the deed, would authorize a court of equity to reform the instrument of conveyance, or to grant such relief to the purchaser as that correction would confer. Durham v. Luce, 140 S. W. 850; Howell v. Lumber Co., 62 Tex. Civ. App. 584, 132 S. W. 848; Avery v. Hunton, 23 Tex. Civ. App. 353, 56 S. W. 210. In such cases the rule applied is founded upon the powers of a court of equity to correct clerical mistakes and en-

force the real contract which the parties made. But the mistake must be one participated in by all the parties in interest. Under the facts before us the immediate and first victim of the mistake charged was McDaniel, who purchased at the commissioner's sale. While the evidence shows that he purchased for H. C. Darden, it is made clear that he did not in so doing act as the agent of Darden. He paid his own money, not money that was furnished by Darden. He paid cash and sold to Darden on time, and conveyed by a deed containing a general warranty. He also reserved in the deed a vendor's lien to secure the purchase-money notes. Evidently the agreement between Darden and McDaniel amounted simply to this: That McDaniel should buy the land for cash and sell it to Darden on time. Had Darden failed to pay at maturity the purchase-money notes which he gave, McDaniel could have foreclosed his vendor's lien. This he could not have done had McDaniel been merely an agent or trustee for Darden in purchasing at the sale by the commissioner. Hence, in establishing a mutual mistake of all the parties in interest sufficient to authorize the relief sought by the appellee in this case, it was necessary to prove that McDaniel was a party to that mistake. The burden of doing this rested upon the appellee, who relied upon that defense. According to McDaniel's testimony, he knew nothing about the land to be partitioned, except that it was the Darden estate, and that the number of acres amounted to 133. He did not know whether it was embraced in one tract or two. Neither does it appear that he knew anything about the identity of the land. It is not shown that he expected to get this particular tract of land in the conveyance from the commissioner. The only mistake of which he could complain was the shortage in the number of acres conveyed in his deed. If McDaniel could not have urged that mistake as ground for a claim of title to the land omitted, that cannot be done by any purchaser claiming under him. His bid for the land, as shown by the report of sale, was $35 per acre, and the court approved the sale in that form. In the deed from the commissioner the tract was described as containing 133 acres. In the metes and bounds given the length of each line was stated. A mathematical calculation shows that according to those dimensions the shortage amounted to 8 or 10 acres. It therefore appears that McDaniel paid for more land than he got, and that the heirs received more money than they were entitled to. In such a case the remedy against the heirs, if any, is confined to the party with whom they dealt, and is based upon the right of reimbursement for the excess paid.

[8, 9] But there is another and a stronger reason why this judgment cannot be sustained. The equitable doctrine which relieves

against the consequences of a mistake, by correcting a written instrument so as to make it a true record of the real contract, or by treating that as done which the parties intended to do in the making of their contract, has no application to the case before us. Here the muniment of title in which the mistake is said to have occurred is not a voluntary conveyance by the parties, but the judgment of a court. McDaniel acquired his title by a judicial sale made in pursuance of a judgment in all things regular and in conformity with the pleadings of the parties. In such cases the rule of caveat emptor applies, and the purchaser is charged by law with notice of the subject-matter of the suit. He cannot after his purchase claim that he thought he was getting property not included in the partition decree. If he paid for a greater number of acres than was conveyed to him, his remedy, if any, is a demand for reimbursement. He cannot claim a title by estoppel in a case where the judgment of a court is essential to the passage of title. The failure of the joint owners of the Darden estate to include in their petition for a partition all of their land merely had the legal effect of leaving their title undisturbed as to that which was omitted. The rights of the purchaser at the sale made by the commissioner must be determined, not by what the joint owners intended to have sold, but by what the court's decree directed to be sold. Moreover, whatever equities McDaniel might have asserted against the appellants by reason of the mistake in failing to include the smaller tract in the partition suit was purely personal to him, and in the absence of a conveyance by him could not be asserted by any subsequent purchaser. Darden could not claim by estoppel a right which McDaniel, his grantor, held only by estoppel. McDaniel's deed to Darden conveyed only the larger tract, and there is no evidence tending to show that McDaniel intended to convey any other land.

The judgment of the court will be reversed, and judgment here rendered in favor of the appellants for the interests sued for. The case, however, will be remanded for the purpose of being disposed of in accordance with the prayer for a partition.