LYON-GRAY LUMBER CO. v. NOCONA
COTTON OIL CO. et al.    (No. 8508.)

(Court of Civil Appeals of Texas.    Ft. Worth.
Feb. 10, 1917.    On Motion for Rehearing,
March 17, 1917.)

1. APPEAL AND ERROR ⬤◎547(2)—SCOPE OF
REVIEW—RECORD—SUFFICIENCY.

Where no statement of facts appears in the
record, the findings of fact filed by the trial
judge are conclusive on appeal.

2. MECHANICS' LIENS ⬤◎198 — PRIORITY —
EARLIER INCUMBRANCES.

Liens given to secure promissory notes at a
date prior to the furnishing of materials by
plaintiff are superior and prior to plaintiff's
right to a mechanic's lien.

[Ed. Note.—For other cases, see Mechanics'
Liens, Cent. Dig. §§ 348–355.]

3. MECHANICS' LIENS ⬤◎3—EFFECT OF CON-
TRACT WITH OWNER—STATUTES—CONSTRUC-
TION.

Under Const. art. 16, § 37, providing that
materialmen shall have a lien upon improve-
ments for materials furnished, where plaintiff
furnished materials to the owner, a lien accrued,
unimpaired by Vernon's Sayles' Ann. Civ. St.
1914, arts. 5621–5639, as to mechanics' liens
in general.

[Ed. Note.—For other cases, see Mechanics'
Liens, Cent. Dig. § 4.]

4. MECHANICS' LIENS ⬤◎185—PROPERTY SUB-
JECT—MACHINERY NOT AFFIXED.

One furnishing materials for construction
of a factory has no lien upon machinery in-
stalled therein not in any way permanently af-
fixed to the realty.

[Ed. Note.—For other cases, see Mechanics'
Liens, Cent. Dig. § 324.]

5. APPEAL AND ERROR ⬤◎1032(1)—BURDEN
OF SHOWING PREJUDICE.

Where the court refused to decree foreclo-
sure of a mechanic's lien, and the evidence fail-
ed to disclose that the property subject to the
lien would exceed in value the amount of prior
liens upon it, there was no ground for reversal,
since the appealing party must show prejudice.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 4047, 4051.]

On Motion for Rehearing.

6. MECHANICS' LIENS ⬤◎281(1)—EVIDENCE—
SUFFICIENCY.

In suit to foreclose mechanic's lien, evidence
that after it accrued one defendant had purchas-
ed subsequent liens on the same property with-
out showing their amount is not a sufficient
showing that the property exceeded in value
prior liens thereon so as to warrant reversal
of judgment refusing foreclosure.

[Ed. Note.—For other cases, see Mechanics'
Liens, Cent. Dig. §§ 565–567.]

Error from District Court, Montague Coun-
ty; C. F. Spencer, Judge.

Suit by the Lyon-Gray Lumber Company
against the Nocona Cotton Oil Company and
others.    Judgment in part for plaintiff, and
it brings error.    Affirmed.    On motion for
rehearing.    Motion overruled.

Hamp P. Abney, of Sherman, and W. S.
Jameson, of Montague, for plaintiff in error.
W. T. Russell, of Nocona, for defendants in
error.

DUNKLIN, J.    The Lyon-Gray Lumber
Company instituted this suit against the

Nocona Cotton Oil Company and W. A. Mc-
Call and Cadmus McCall to recover a debt
against the oil company for $1,134.10 for
building material sold to that company to be
used in the construction of repairs on said
defendant's oil plant, and certain additions
thereto, and to foreclose a lien upon the en-
tire plant as against all the defendants; W.
A. and Cadmus McCall being subsequent pur-
chasers of the property under sales made by
virtue of deeds of trust given thereon by the
company, and also being the owners of cer-
tain other liens thereon which had not been
foreclosed.

The court rendered judgment against the
oil company for the amount of plaintiff's
debt, and found that the plaintiff was en-
titled to a lien on a part of the property in
controversy for the sum of $117.25 of the
debt sued for, but further found the plain-
tiff was not entitled to a lien upon the rest
of the property for any sum.    The judgment
further recites that the defendant W. A.
McCall had paid into court, subject to plain-
tiff's order, the said sum of $117.25 to satisfy
plaintiff's lien so found by the court, and,
having thus satisfied said lien, judgment was
entered in favor of the McCalls denying a
foreclosure of any lien upon the property
and quieting the title of the two McCalls to
the property.    From that judgment, the
plaintiff has prosecuted this writ of error.

[1] No statement of facts appears in the
record, but the trial judge filed findings of
fact and conclusions of law, and such find-
ings of fact are therefore conclusive here.
From those findings it appears that the plain-
tiff sold to the oil company certain building
material on open account during the year
1913, to be used in building an additional
room to the oil plant and in certain repairs
and other improvements thereon.    Material
to the extent of the value of $1,094 was used
in the construction of such improvements.

[2] The first material purchased was de-
livered April 24, 1913, and such deliveries
were continued on divers days thereafter up
to and including November 14, 1913, and a
few items as late as January 8, 1914.    All
said building material was sold under and
by virtue of a contract and agreement made
in April, 1913, and prior to any delivery
thereof, that the amount of indebtedness
therefor should be paid on October 7, 1913.
On February 7, 1914, plaintiff filed with the
county clerk a verified account for such
building material to be recorded in the rec-
ords of mechanics' liens of the county, for the
purpose of fixing a lien upon the oil com-
pany's plant, in accordance with the stat-
utes.    Material to the amount of $117.25 was
sold during the four months next preceding
the filing of said account, and the trial judge
found that plaintiff was entitled to a lien
for that amount on certain additions made
to the plant in which said building materials

were used, but on no other part of the plant, and further found that plaintiff was not entitled to a lien for the material sold prior to October 7, 1913. In other words, the trial judge held that the statutory requirement that, in order to fix a mechanic's or materialman's lien upon a building, under such circumstances, the account therefor must be filed for record in the mechanics' liens record of the county within a period of four months after such account is due, applied to the lien claimed by plaintiff and was controlling, and that therefore plaintiff was not entitled to any lien for material furnished prior to October 7, 1913. It further appears that on September 20, 1912, the oil company executed a deed of trust upon all of its property to secure the payment of two promissory notes of $4,500 each of the same date, which was duly recorded on September 27, 1912. Those two notes were in favor of the defendant W. A. McCall and became due March 1, 1914. The oil company having failed to pay them, or any part thereof, the trustee in the deed of trust sold all the property on the first Tuesday in April, 1914, to satisfy said debt, and W. A. McCall became the purchaser; said sale appearing to be in all respects regular. It thus appears that this deed of trust and the record thereof antedated by some six months the contract under which the plaintiff agreed to sell the building material to the oil company.

On June 21, 1913, some two months after the plaintiff began to deliver building material to the oil company under the said contract of purchase, the oil company executed another deed of trust in favor of W. A. McCall upon all of its property to secure the payment of another promissory note dated June 12, 1913, in the principal sum of $10,000, and on the first Tuesday in April, 1914, said McCall bought in all of the property under a trustee's sale made by virtue of that deed of trust also, the oil company having wholly made default in the payment of the note for $10,000. Proper deeds of conveyance were made to W. A. McCall by the trustee when each of those sales was made.

W. A. McCall also purchased the following liens and the notes for which they were given, all of which notes are wholly unpaid and the liens are still valid and subsisting, to wit: A promissory note for the principal sum of $4,000, dated September 27, 1912, and secured by a chattel mortgage of the same date, duly recorded, upon all of the machinery in said plant; a certain other note in the sum of $3,800, dated June, 1912, and secured by a chattel mortgage, duly recorded, on a part of the machinery in said plant; a promissory note for $600, dated August 20, 1913, secured by a chattel mortgage duly recorded on a part of the machinery in the plant; a promissory note for $5,000, dated August 21,

1913, secured by a mortgage, duly recorded, upon all of the property of the oil company.

It thus appears from the foregoing that the liens upon the entire plant to secure the payment of the two promissory notes in the sum of $4,500 each, and also the two liens, one given September 27, 1912, for $4,000, and the other in June, 1912, for $3,800, on the machinery situated in the plant, were clearly prior and superior, in any event, to the lien claimed by the plaintiff in this case.

It is to be noted further that there was a foreclosure of the mortgage lien given to secure the two $4,500 notes, and that W. A. McCall bought in the property under such foreclosure sale.

The following is another finding by the trial judge:

"No proofs were made as to the value of the improvements above mentioned (meaning the improvements in the construction of which the material furnished by plaintiff was used), nor as to the value of the oil plant, and I do not find as to the values of either."

[3] We agree with the plaintiff in error in its contention that, as the material was furnished to the oil company under a contract between it and the plaintiff, and not to a contractor or subcontractor, a lien accrued under and by virtue of section 37, art. 16, of the Constitution to secure payment therefor, and that the right to such lien was not impaired by the provisions of chapter 2, tit. 86, Vernon's Sayles' Texas Civil Statutes, requiring certain things to be done in order to fix a lien, under such decisions as Strang v. Pray, 89 Tex. 525, 35 S. W. 1054; F. & M. Nat. Bank v. Taylor, 91 Tex. 78, 40 S. W. 876, 966; Howell v. McMurray Lbr. Co., 62 Tex. Civ. App. 584, 132 S. W. 848; Cameron & Co. v. Trueheart, 165 S. W. 58.

[4] But, as shown above, the constitutional lien in plaintiff's favor was subordinate to the lien for the two $4,500 notes upon the entire plant, which was foreclosed. It does not appear that any of the machinery in the plant, which was covered by the various mortgage liens was ever so fixed to the building as to become a part of the realty, and therefore it does not appear that plaintiff's lien ever did attach to any of the machinery; and in this connection it is to be noted further that the two liens upon the machinery given in 1912 for an aggregate sum of $7,800 antedated any possible lien in favor of plaintiff on said machinery by several months. Hence the lien in plaintiff's favor never attached to any greater interest than the equity owned by the oil company after giving the mortgage lien to secure the two promissory notes for $4,500 each.

[5] This suit is an equitable proceeding for foreclosure, and it is a familiar rule of equity that the court will never do a useless thing, in other words, will never sit to determine mere abstract questions of law, and that in order to invoke the aid of such a court it is incumbent upon the complaining

party that he show a violation of some legal or equitable right which has resulted in injury or loss to him. Unless the property upon which plaintiff sought to enforce a lien was of a value in excess of the prior and superior liens, then plaintiff has lost nothing by its failure to secure a foreclosure of the constitutional lien above noted, and in the absence of any proof upon that issue it does not appear that the error in the judgment of the trial court, if error there be, in refusing plaintiff the relief prayed for, was harmful. It is incumbent upon the plaintiff in error in this court to show, not only error in the judgment complained of, but that such error was reasonably calculated to cause, and probably did cause, some injury to him. Kynard v. Tucker, 171 S. W. 1086; Flynn v. Radford Gro. Co., 174 S. W. 902; Braun v. Hickman, 176 S. W. 879; P. & G. N. Ry. Co. v. Flanders, 165 S. W. 98; Renshaw v. Arnett, 158 S. W. 1197.

For the reasons just stated, the judgment of the trial court is in all things affirmed, without attempting to pass upon the merits of the various assignments of error presented in plaintiff in error's brief.

Affirmed.

### On Motion for Rehearing.

The trial judge found that at the time the oil company opened the account with plaintiff for the purchase of the building material afterwards furnished "there was no agreement between the parties as to when the debt would become due other than it should be paid along during the fall as had been the account the year before." But the court further found that the account did become due October 7, 1913.

In our opinion on original hearing those findings were accepted as correct, and the statement in that opinion that the material was sold under an agreement between the parties "that the amount of indebtedness therefor should be paid on October 7, 1913," was intended merely as a brief summary of those findings. We did not intend to convey the idea that before the material was sold the parties specifically agreed on October 7, 1913, as the date of payment for such material.

[6] Plaintiff in error now insists that there was proof tending to show that the property upon which it claimed a lien was worth more than the amount secured by the prior and superior liens for which the property was sold and bought in by W. A. McCall. The facts relied on to show this were the purchases by McCall of other and subsequent liens mentioned in our original opinion. But the record does not show that such purchases were offered as proof of value of the property, nor is there any showing of the prices paid. The finding of the trial judge quoted in our original opinion that there was an absence of proof of such values clearly shows that the facts now urged by plaintiff in error as evidence on that issue were not considered proof of that fact, if considered at all, and that finding has not been attacked by any assignment of error in the record.

The motion of plaintiff in error is overruled.