**LONG BELL LUMBER CO. et al. v. LOWRY et al.**

No. 3427.

Court of Civil Appeals of Texas. Amarillo.

June 18, 1930.

Rehearing Denied Sept. 10, 1930.

Kimbrough & Boyce, of Amarillo, for appellants.

Collins & Houston, of Dallas, for appellees American Trust Co. and Fidelity Union Casualty Co.

Cooper & Lumpkin, of Amarillo, for appellee W. B. Stevenson.

JACKSON, J.

Plaintiffs, The Long Bell Lumber Company, a corporation, and L. T. Sanders, trustee for said company, instituted this suit in the district court of Potter county, Tex., against the defendants, W. V. Lowry and wife, Katherine Lowry, M. F. Russell, Jr., and wife, Margaret A. Russell, W. B. Stevenson, W. S. Dunbar, and the corporations American Trust Company and Fidelity Union Casualty Company.

Plaintiffs, in their petition, pleaded their liens, legal and equitable, and by sufficient allegations invoked the equity powers of the court to reform, on account of the alleged mutual mistake of the parties thereto, the following written instruments because the property conveyed was lot 2, block 48, of the Roberts place addition to Amarillo, Tex., but should have been lot 1, block 48 of said Roberts place: A deed from W. V. Lowry and wife to M. F. Russell, Jr.; two vendor's lien notes of even date with said deed, one for the sum of $3,000 and one for the sum of

$1,750, executed by M. F. Russell, Jr., and payable to W. V. Lowry or order, said notes evidencing a part of the purchase money mentioned in said deed; a deed of trust from M. F. Russell, Jr., and wife to H. M. Kimbrough, trustee, securing the payment of said notes to W. V. Lowry as beneficiary; a transfer of said notes from W. V. Lowry to L. T. Sanders for the benefit·of the Long Bell Lumber Company, for which it paid a valuable consideration; a written agreement entered into by the Long Bell Lumber Company, L. T. Sanders, and W. V. Lowry; and the transfer of said $3,000 note by L. T. Sanders to the American Trust Company as a first lien against the property described in said deed and notes.

If reformation was decreed, plaintiffs sought judgment for the debt evidenced by the note retained by the Long Bell Lumber Company for $1,750, principal, interest, and attorney's fees, and a foreclosure of its alleged second lien securing the payment of said note against lot 1 in block 48 of the Roberts place addition to the town of Amarillo, Potter county, Tex.

In the alternative, if they were denied reformation of the instruments and foreclosure of the lien, plaintiffs sought judgment against W. S. Dunbar for their debt by reason of certain facts alleged as a cause of action against him.

The defendant W. B. Stevenson answered by general demurrer, special exception, general denial, and pleaded that he was an innocent purchaser for value of said lot 1 in block 48 of the Roberts place addition to the town of Amarillo, Tex. He alleged that in November, 1926, W. V. Lowry entered into a·written contract with C. F. Smith, contractor, for the erection of certain improvements on said lot 1 in block 48, for the consideration of $4,500, evidenced by a mechanic's lien note payable on or before sixty days. That C. F. Smith completed the improvements on said lot, which were accepted by W. V. Lowry and wife and the mechanic's lien thereby fixed. He alleges in detail his acquisition of said debt and lien, the default in the payment thereof, and the conveyance to him of said property by W. V. Lowry in satisfaction thereof; sufficiently pleaded the instruments under which he claims ând the facts upon which he relies to establish his title.

The defendants W. V. and Katherine Lowry answered by general demurrer and general denial.

M. F. Russell, Jr., and wife Margaret A. Russell, by a written instrument, waived service of citation to all pleadings filed by the plaintiffs the Long Bell Lumber Company and L. T. Sanders.

The American Trust Company and the Fidelity Union Casualty Company answered by general demurrer and general denial, but admitted certain allegations in plaintiffs' petition. Said defendants for cross-action against the Long Bell Lumber Company alleged that about November 1, 1926, said plaintiff represented that it was the owner of a valid lien against lot 2 in block 48 of the Roberts place addition to Amarillo, Tex., securing the payment of two notes, one for the sum of $3,000 and one for the sum of $1,750, and offered to sell and transfer the note for $3,000, and the liens securing its payment, to the American Trust Company, and as a matter of inducement represented that there was situated on said lot a certain house and improvements. That said plaintiff pointed out said house and improvements to the American Trust Company and represented that it stood upon said lot No. 2. That reposing perfect faith and confidence in said plaintiff and its representations, an inspection and appraisement of said premises was made, the security considered sufficient, and the note purchased for a valuable consideration paid to said plaintiff and said note and the liens against Lot No. 2 securing its payment, after being made a first lien, were duly and·legally transferred to the American Trust Company by L. T. Sanders, as agent of the Long Bell Lumber Company. That the American Trust Company later assigned said note and the liens, for a valuable consideration, to its codefendant Fidelity Union Casualty Company. That these defendants subsequently learned that there were no improvements situated on said lot 2 in block 48, as represented by said plaintiff, but that the improvements pointed out and inspected were located on lot 1 in block 48. That the representations as to the description of the lot and premises upon which a lien existed to secure the payment of the note for $3,000, which was purchased, were false and fraudulent, and that such misrepresentations were made for the purpose of defrauding these defendants. They alleged in the alternative that, if the plaintiffs were not guilty of fraud, all parties to the transaction relative to the sale and purchase of said lien and note from L. T. Sanders to the American Trust Company were mutually mistaken as to the lot upon which the improvements were situated and the lien given. They asked on account of the fraud alleged, or, in the alternative, on account of the mutual mistake of the parties, to cancel said transaction and recover judgment against the Long Bell Lumber Company for its debt, interest, etc., and tendered the notes held by the Fidelity Union Casualty Company to said plaintiff.

W. S. Dunbar filed no answer, but no appeal·is prosecuted from the judgment in his favor.

The plaintiffs replied to the pleading of W. B. Stevenson by general demurrer and general denial.

They answered the cross-action of the American Trust Company and the Fidelity Union Casualty Company by general demurrer and general denial, and alleged that the transfer and assignment of the $3,000 note by L. T. Sanders to the American Trust Company was made without recourse, and that the plaintiffs were not liable on said note. That the American Trust Company had entered into a new contract with M. F. Russell, Jr., by which it accepted five notes secured by a deed of trust in lieu of the $3,000 note and lien purchased from plaintiffs, and pleaded a novation of the contract thereby between the plaintiffs and said defendants.

In a trial amendment, the plaintiffs alleged that neither W. B. Stevenson nor any one under whom he claims is an innocent purchaser of said lot 1 in block 48 for value, because, at the times that W. B. Stevenson and those under whom he claims acquired their alleged right and title to said lot, it was in the possession of and occupied by M. F. Russell, Jr., in person or through his tenant, and that such possession was open, adverse, visible, and exclusive. That the defendant W. B. Stevenson acquired the notes after maturity, the assumption by him of the payment of which was the consideration for which the premises were conveyed to him. That W. B. Stevenson, nor those under whom he claims, did not contract relative to said lot 1 in block 48, but the intention of all the parties to all the transactions under which defendant asserts his title to said lot 1 was to contract with reference to a lot other and different from said lot 1 in block 48.

The case was submitted to the court without the intervention of a jury and judgment rendered that the Long Bell Lumber Company and L. T. Sanders take nothing against W. B. Stevenson, the American Trust Company, the Fidelity Union Casualty Company, W. V. Lowry, and W. S. Dunbar; that L. T. Sanders have his judgment against M. F. Russell, Jr., for the use and benefit of the Long Bell Lumber Company, in the sum of $2,-334.02, and that the vendor's lien on lot 2 in block 48, given to secure the payment of said note, be in all things foreclosed against all the defendants; that the defendant W. B. Stevenson have and recover title and possession of lot 1 in block 48 against all of the defendants and the sum of $390 as rent against the Long Bell Lumber Company; that the transfer and assignment of said $3,-000 note by L. T. Sanders to the American Trust Company be canceled and said note declared to be the property of the Long Bell Lumber Company and L. T. Sanders, and that said Fidelity Union Casualty Company recover of the American Trust Company, as indorser, and the Long Bell Lumber Company and L. T. Sanders, as sellers, the amount of said note, interest, etc. From this judgment the Long Bell Lumber Company and L. T. Sanders prosecute this appeal.

It is not necessary to state appellants' assignments of error.

The testimony shows that W. V. Lowry and wife, Katherine Lowry, conveyed to M. F. Russell, Jr., by deed dated August 27, 1926, lot 2 in block 48 of the Roberts place addition to the town of Amarillo, in Potter county, Tex., for a consideration of $500 cash paid and the execution of two vendor's lien notes of even date with said deed, one for $3,000 payable in six semiannual installments, with the last installment for the sum of $2,500 due on or before three years after date, and one for the sum of $1,750, payable in successive monthly installments of $30 each. That said deed retained the vendor's lien and was duly filed for record on September 28, 1926. That said two notes were executed by M. F. Russell, Jr., payable to W. V. Lowry, and secured by a vendor's lien on said lot 2 in block 48. That on August 27, 1926, M. F. Russell, Jr., and his wife, Margaret A. Russell, executed to H. M. Kimbrough, as trustee for the benefit of W. V. Lowry, a deed of trust against said lot 2 in said block 48 securing the payment of said two notes. That said deed of trust was duly filed for record in the office of the county clerk of Potter county, Texas, on the 28th day of September, 1926. That on August 27, 1926, W. V. Lowry transferred to L. T. Sanders said two vendor's lien notes and the liens on lot 2 in said block 48, which transfer was recorded on September 28, 1926. That a written contract and agreement was entered into between W. V. Lowry, the Long Bell Lumber Company, and L. T. Sanders, which said contract, so far as is material to this appeal, is a transfer and assignment in one instrument by W. V. Lowry to L. T. Sanders of numerous notes payable to W. V. Lowry and secured by deeds of trust liens and vendor's liens against various tracts of land, together with a transfer and assignment of such liens. The purpose of such contract was to secure, by the notes and the liens therein transferred and assigned, the Long Bell Lumber Company in the payment of a promissory note executed by W. V. Lowry and payable to the Long Bell Lumber Company on or before six months after date in the sum of $48,774.22, and such other sums as W. V. Lowry should become indebted to said company. That in said contract L. T. Sanders, as trustee for the Long Bell Lumber Company, was given title to and possession of the notes transferred and assigned to him, with authority to hold, collect, extend, sell, convey, release, sue upon, or otherwise dispose of or control said notes as he might deem fit and proper, with the limitation only that the proceeds derived from said notes should be applied to the payment of said $48,774.22 note due by Lowry

348

to the Long Bell Lumber Company and upon any additional indebtedness due by him to said company; and that, upon the payment of said $48,774.22 note and other additional indebtedness, all of said notes or any renewals or extensions thereof remaining in the hands of L. T. Sanders should be transferred, assigned, and delivered without recourse to W. V. Lowry. That the two notes payable to W. V. Lowry or order executed by M. F. Russell, Jr., as part of consideration for the land conveyed to him by Lowry and wife, with the liens securing their payment, were in said instrument transferred and assigned to L. T. Sanders, among the other notes transferred and assigned to him to secure the payment to the Long Bell Lumber Company of the $48,774.22. That on November 10, 1926, by a proper instrument in writing, the lien securing the payment of said $3,000.00 note was made a first and superior lien against said premises and said note and superior lien were, for a valuable consideration, transferred and assigned by L. T. Sanders to the American Trust Company, and filed for record November 12, 1926, and said note was thereafter, for a valuable consideration, sold and assigned by the American Trust Company to the Fidelity Union Casualty Company. That in the written instruments evidencing each of said respective transactions, the property was described as lot 2 in block 48 of the Roberts place. That there were no improvements on said lot. That the house which W. V. Lowry sold to M. F. Russell, Jr., was on lot 1 in block 48 of the Roberts place. That Lowry showed said lot 1, with the house and improvements thereon, to M. F. Russell, Jr., before the sale was made, and the deed thereto and the vendor's lien notes therefor in the sum of $3,-000 and $1,750 respectively, were executed and delivered and prior to the time of the execution and delivery of the deed of trust given to secure the payment of said notes. That said lot 1, with the improvements thereon, was delivered by W. V. Lowry to M. F. Russell, Jr., who, with his family, moved into the house about October 1, 1926, and continuously resided therein until about February 1, 1927, at which time Russell rented said premises, fully furnished, to J. B. Patterson, who, as the tenant of Russell, continuously occupied said premises until about June 20, 1927. That on said date, the property was turned over by M. F. Russell, Jr., to L. T. Sanders to be rented for Russell. That lot 1 and the improvements thereon constituted the subject-matter about which Lowry and Russell contracted. That they intended to contract relative thereto and thought they were so contracting, but, by the mutual mistake of said parties, the property described in the deed was designated as lot 2 instead of lot 1. That the same mutual mistake was made in the notes and each of the transfers

thereof and the deeds of trust given to secure the payment thereof by the respective parties to such instruments. That the mistake in the description of the property was not discovered until about the last days of July, 1927. That the note for $3,000, transferred to the American Trust Company by L. T. Sanders, and the one for $1,750, which plaintiffs retained and herein seek to foreclose, are unpaid, and a balance on the note for $48.774.22 is unsatisfied.

Under these facts, which are not disputed, it is obvious, we think, that a court of equity would, as to W. V. Lowry and wife, M. F. Russell, Jr., and wife, L. T. Sanders, and the Long Bell Lumber Company, grant the relief sought by the appellants and correct the instruments so as to describe lot 1, the subject-matter about which all of said parties contracted, as the evidence of mistake is abundant.

■ It is well settled that a mutual mistake made by the grantor and grantee in describing the land intended to be conveyed in a deed may be corrected by a court of equity. Durham et al. v. Luce et ux. (Tex. Civ. App.) 140 S. W. 850, 851; Schroeder et al. v. Rosenbaum et al. (Tex. Civ. App.) 21 S. W.(2d) 694; Murphy et al. v. Benson (Tex. Civ. App.) 245 S. W. 249. See, also, Page on Contracts (2d Ed.) § 2214; Lilley et al. v. Equitable Securities Co. et al. (Tex. Civ. App.) 43 S. W. 1082; Henenberg v. Winn et al. (Tex. Civ. App.) 1 S. W.(2d) 432; Silliman v. Taylor, 35 Tex. Civ. App. 490, 80 S. W. 651; 23 R. C. L. 360.

■ Not only are the grantor and grantee entitled to a reformation of the instrument in case of mutual mistake, but those acquiring the rights of the original parties are entitled to such relief. Cleveland State Bank v. Gardner (Tex. Com. App.) 286 S. W. 173.

■ If W. V. Lowry was not a party to the mistake but was guilty of fraud, the appellants would, nevertheless, be entitled to relief against him and his wife and Russell and his wife.

"Where there has been a mistake of one party, accompanied by fraud or other inequitable conduct of the remaining parties, * * * the instrument may be made to conform to the agreement or transaction entered into according to the intention of the parties." 4 Pom. Eq. Jur. § 1376. This statement from Mr. Pomeroy is quoted with approval in Conn v. Hagan, 93 Tex. 334, 55 S. W. 323, and Henenberg v. Winn et al., supra.

The appellee W. B. Stevenson contends that the evidence shows that he and those under whom he claims are innocent purchasers of said lot 1 in block 48, and warranted the judgment of the court decreeing him title to said property.

The testimony shows that on November 17, 1926, W. V. Lowry, by a written contract, employed C. F. Smith, as contractor to erect on lot 1 in block 48 a one-story brick veneer residence, garage, and walks, for a consideration of $4,500, evidenced by a note payable to C. F. Smith in sixty days and secured by a contract lien against said lot and the improvements to be constructed thereon. That no brick veneer residence was erected on said lot. That said contract was filed for record November 18, 1926. That said note and lien were, on said day, for a valuable consideration, transferred and assigned to W. S. Dunbar, doing business under the trade-name of Louisiana Lumber & Supply Company. That said transfer was filed for record on November 18, 1926. That on March 9, 1927, W. V. Lowry and wife executed a deed of trust to J. O. Guleke, trustee for W. S. Dunbar, beneficiary; to secure the payment of said $4,500, which was divided into two notes of even date with said deed of trust, one for $3,750 and the other for $750. That the lien securing the $3,750 note was made a first lien and the lien securing the note for $750 was subordinated to said first lien, and both notes made payable ninety days after date. That the deed of trust was filed for record March 11, 1927. That, on said last-named date, W. S. Dunbar, for a valuable consideration, transferred and assigned the note for $3,750 to W. H. Woodlief, and the assignment was filed for record the same day. That on March 14, 1927, W. S. Dunbar transferred and assigned, for a valuable consideration, the note for $750 to W. B. Stevenson. That on July 13, 1927, W. H. Woodlief, for a valuable consideration, transferred and assigned the $3,750 note to W. B. Stevenson, which assignment was filed for record July 14th thereafter. That W. V. Lowry and wife, by deed, conveyed said lot 1 in block 48 to W. B. Stevenson for a consideration of $10 cash and the assumption by said Stevenson of all the incumbrances of record against the premises. The deed was filed for record July 14, 1927.

That before Mr. Woodlief purchased the note for $3,750, he was advised by Mr. Dunbar that the note was secured by a brick veneer house on a corner lot, which Dunbar pointed out to Woodlief. That before Mr. Stevenson bought the $750 note, Mr. Dunbar advised him that it was secured by a lien on a brick veneer house on a corner lot, which was pointed out by Mr. Dunbar. That the brick veneer house pointed out to those parties was situated on lot 1 in block 42 of the Roberts place, and not on lot 1 of block 48 of the Roberts place. That W. B. Stevenson purchased the $3,750 note and the first lien securing its payment from Mr. Woodlief to protect his second lien. That at the time the deed to said lot was made, W. B. Stevenson promised W. V. Lowry that, if he paid said

notes in sixty or ninety days, he would reconvey him the lot and premises.

That a short time after Stevenson received his deed, he requested an insurance agent to write insurance covering the brick veneer house. That the insurance agent, after investigation, showed him that lot 1 in block 48 was an inside lot around the corner on another street and had a frame house on it. That upon investigation, W. B. Stevenson, the plaintiffs, and all the parties to the suit, discovered that the property deeded by W. V. Lowry and wife to M. F. Russell, Jr., was described as lot 2 in block 48; that said lot was vacant; that the house delivered by Lowry to Russell was a frame house, and located on lot 1 in block 48.

The frame house purchased by M. F. Russell, Jr., and delivered to him by W. V. Lowry, was situated on lot 1 in block 48, but the deed described the property as lot 2 in block 48. Mr. Russell, about October 1, 1926, moved into said house, took actual possession thereof, and used and occupied it with his family until February 1, 1927. He then rented the house furnished to J. B. Patterson, who took actual possession thereof and used and occupied it with his family continuously until about June 20, 1927, and paid rent as the tenant of Russell. During the period of time from October 1, 1926, to June 20, 1927, while the property was in the possession of Mr. Russell and his tenant, W. B. Stevenson and those under whom he claims acquired all the notes and liens which constitute the consideration for the deed to said property from W. V. Lowry and wife to W. B. Stevenson.

The testimony strongly indicates that at the time W. B. Stevenson received his deed, the Long Bell Lumber Company had its sign on the premises reading as follows: "For Sale. See Long Bell for owners." After the house was vacated by J. B. Patterson, Mr. Russell authorized L. T. Sanders to look after it.

Are these facts, which are not controverted, sufficient to have imposed upon W. B. Stevenson and those under whom he claims the necessity of investigation and inquiry as to the rights of M. F. Russell, Jr., and those who derived rights in said property through him? If so, would such inquiry and investigation as the law exacts have revealed the rights of Russell and appellants in the property?

"It is well settled that actual possession of the land in person or by tenant is sufficient to give notice, or—which is the same thing— will put the purchaser upon inquiry as to the claim and title of such possessor. Mainwaring v. Templeman, 51 Tex. 212; Mullins v. Wimberly, 50 Tex. 457; Hawley v. Bullock, 29 Tex. 222; Watkins v. Edwards, 23 Tex. 448; Wimberly v. Bailey, 58 Tex. 226; Eylar v. Eylar, 60 Tex. 319; Glendenning v. Bell, 70 Tex. 634, 8 S. W. 324. An exception to

the rule is where the record of deeds discloses that such possessor has apparently parted with his title to the land unconditionally. In such case he cannot be permitted, as against an innocent purchaser, to fortify a secret trust or interest in his favor by his actual possession." Hawley v. Geer (Tex. Sup.) 17 S. W. 914, 916.

"Under our statute the rule has become settled, that possession, either in person or by tenant, is equivalent to registration. * * * If the possession be sufficiently open and definite, whether it be in person or by tenant, it is incumbent on one who undertakes to acquire rights in the land to inform himself of the rights of the occupant, or of the landlord of the occupant." Mainwarring v. Templeman, supra.

M. F. Russell, Jr., who was in actual possession, either by himself or tenant, had not parted with the title to the land, neither had he done nor said anything that would have misled appellee Stevenson and those under whom he claims as to the title under which he held. Hence, the holding as to the exception to the rule in Eylar v. Eylar, supra, and other like cases, has no application.

■ Appellee W. B. Stevenson and those under whom he claims were chargeable, by the possession of M. F. Russell, Jr., and his tenant, with notice, and upon inquiry would have learned that there was a mistake in the deed from W. V. Lowry and wife to M. F. Russell, Jr., and the mistake in the other instruments under which appellants claim, and that lot 1 in block 48 of the Roberts place and the improvements thereon constituted the property intended to be conveyed to Mr. Russell and about which the appellants and Lowry had contracted. This conclusion is inescapable, because the first investigation made by appellee Stevenson relative to the location of the property on the ground revealed the mistake made in the instruments and the misdescription of the property. The testimony of W. B. Stevenson and W. F. Woodlief discloses that the notes they acquired from Mr. Dunbar were not purchased because they supposed that said notes were secured by lot 1 in block 48, but that they understood that the notes were secured by a lot on another street upon which there had been erected a brick veneer residence with a garage and walks.

The facts revealed and the law as announced in Mullins v. Wimberly, supra, we think decisive against the contention of appellee W. B. Stevenson.

■ The contention of appellee Stevenson that the appellants were not bona fide holders for value and did not have such interest in the property as would permit the reformation of the instruments in their behalf is not tenable. Howell v. McMurry Lumber Co.,

62 Tex. Civ. App. 584, 132 S. W. 848; Wallis v. Beauchamp, 15 Tex. 303; Franks v. Williams, 37 Tex. 24.

Appellee W. B. Stevenson does not seek to have the appellants marshal assets and securities, and that question is not involved. 38 C. J. 1372 § 9.

The appellees American Trust Company and Fidelity Union Casualty Company contend that the decree of the court giving judgment against the Long Bell Lumber Company in their behalf for the amount of the note, interest, attorney fees, etc., transferred by L. T. Sanders to the American Trust Company, and by it sold and delivered to the Fidelity Union Casualty Company, was warranted, because of the representations made as to the property by which the payment of said note was secured, whether such representations were made fraudulently or by mistake.

It is conceded that the note was transferred to the American Trust Company without recourse. Hence, if we are correct in holding that under the record the appellants were entitled to a reformation of the instruments under which they claim title, when such instruments are reformed these appellees will have the security for which they contracted, and they plead no equity other than false representations or mistake as a basis for a money judgment against the Long Bell Lumber Company.

For the reasons stated, the entire judgment is reversed, and the cause remanded.